**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MYZEL FRIERSON,          :
                         :  Civil Action No. 07-3857 (RMB)
          Plaintiff,     :
                         :
     v.                  :  OPINION
                         :
ST. FRANCIS MEDICAL CENTER, :
et al.,                  :
                         :
          Defendants.    :

APPEARANCES:

Plaintiff pro se
Myzel Frierson
Riverfront State Prison
P.O. Box 9104
Camden, NJ 08101

**BUMB**, District Judge

    Plaintiff Myzel Frierson, a prisoner confined at Riverfront State Prison in Camden, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights and a pendent state-law medical malpractice claim. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

On December 18, 2002, while confined at South Woods State Prison in Bridgeton, New Jersey, Plaintiff was taken by a New Jersey Department of Corrections transportation unit to Defendant St. Francis Medical Center upon his complaint of high fever and trouble breathing, where he was diagnosed with Systemic Lupus Erythematosis. Upon Plaintiff's release, Defendant Dr. Stephen Hoey and Nurse Practitioner Fran Green increased Plaintiff's prednisone prescription from 10 mg to 60 mg three times a day. "Months later," Plaintiff experienced a rash. A lupus specialist diagnosed the rash as a steroid acne, questioned the diagnosis, and recommended a follow-up after one month. Officials of Defendant Correctional Medical Services, including Defendant Nurse Practitioner Fran Renee Kuntz, denied the follow-up. Plaintiff also alleges that Defendants Dr. Stephen Hoey and Nurse Practitioner Lisa Renee Kuntz failed to advise him of the side effects of the steroid treatment.

"Months after that," Plaintiff experienced severe pain during movement in his left shoulder, but Defendant Dr. Maurice

Rosman refused Plaintiff's requests for an x-ray. Defendant Dr. Stephen Hoey ordered the x-ray, but failed to enter the results into CMS's computer until the next year. Plaintiff contends that he was denied pain medication and consultations for the pain in his shoulder.

Plaintiff has named as defendants St. Francis Medical Center, Correctional Medical Services, Inc., Nurse Practitioner Fran Green, Dr. Stephen Hoey, Dr. Maurice Rosman, and Nurse Practitioner Lisa Renee Kuntz. Plaintiff seeks compensatory and punitive damages and an order for surgery to extremities affected by the alleged overdosing of steroid medications.

II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must

"accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d

371, 373 (3d Cir. 1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.  ANALYSIS

Civil rights claims are best characterized as personal injury actions and they are governed by the applicable state's statute of limitations for personal injury actions.  See Wilson v. Garcia, 471 U.S. 261, 280 (1985).  Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's civil rights claims as well as any pendent state-law medical malpractice claim against St. Francis Medical Center.[1]  See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted).  Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint.  See, e.g., Pino v. Ryan, 49 F.3d 51, 53 (2d Cir.

---

[1] As Plaintiff has alleged no facts suggesting that St. Francis Medical Center could be considered a "state actor," the Court construes the Complaint as attempting to assert a state-law medical malpractice claim against St. Francis Medical Center.

6

1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hall v. Geary County Bd. of County Comm'rs, 2001 WL 694082 (10th Cir. June 12, 2001) (unpub.) (applying Pino to current §§ 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998)(unpub.); Johnstone v. United States, 980 F.Supp. 148 (E.D. Pa. 1997) (applying Pino to current § 1915(e)). See also Jones v. Bock, 127 S.Ct. 910, 920-21 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; ..., see Fed. Rule Civ. Proc. 8(c).").

Plaintiff's Complaint alleges that the events of which he complains took place on December 18, 2002, and within a few months to a year, perhaps up to two years, thereafter, while he was confined at South Woods State Prison. Plaintiff's Complaint is dated August 1, 2007, and the accompanying Application for leave to proceed in forma pauperis is dated August 11, 2007. Accordingly, the earliest that the Complaint could be deemed

filed is August 11, 2007.[2] These claims, which appear to have accrued earlier than August 11, 2005, under even a most generous reading of the Complaint, are thus time-barred, absent a basis for tolling.[3]

Plaintiff alleges no facts that would suggest a basis for either statutory or equitable tolling. Nevertheless, the Court will allow Plaintiff to show cause, if any, why these claims should not be dismissed as untimely. See, e.g., Wilson v. Garcia, 471 U.S. at 269 (unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application).[4] Accordingly,

---

[2] Typically, a prisoner's complaint is deemed filed at the moment he delivers it to prison officials for mailing to the district court. See Burns v. Morton, 134 F.3d 109 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

[3] The events complained of took place while Plaintiff was confined at South Woods State Prison. This Court will take judicial notice of its docket in Frierson v. Green, Civil Action No. 04-4295 (RMB), which reflects that Plaintiff was transferred from South Woods State Prison to Northern State Prison on June 24, 2005, more than two years before the earliest date that the Complaint in this action could be deemed filed. See also Frierson v. Green, 2006 WL 2417206, *1 (D.N.J. Aug. 21, 2006) (reflecting that Plaintiff was transferred to Northern State Prison on June 24, 2005).

[4] New Jersey statutes set forth certain bases for "statutory tolling." See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable). New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has

Plaintiff will be ordered to show cause why these claims should not be dismissed with prejudice as time-barred.

## V. CONCLUSION

For the reasons set forth above, Plaintiff will be ordered to show cause why the Complaint should not be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e, for failure to state a claim based upon the untimeliness of the Complaint. An appropriate order follows.

Renée Marie Bumb
United States District Judge

Dated: August 23, 2007

---

"in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted), certif. denied, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.