<u>**NOT FOR PUBLICATION**</u>                    [Dkt. Ents. 124, 208]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

**CAMDEN VICINAGE**

| | |
|---|---|
| MYZEL FRIERSON, | : |
| | : Civil Action No. |
| Plaintiff, | : 07-3857 (RMB/KMW) |
| | : |
| v. | : |
| | : **OPINION** |
| ST. FRANCIS MEDICAL CENTER, et al., | : |
| | : |
| Defendants. | : |
| | : |

<u>APPEARANCES</u>

Myzel Frierson,
6154 West Columbia Avenue
Philadelphia, Pennsylvania 19151
     <u>Pro Se</u> Plaintiff

Franklin Lewis Flacks, Esq.
Rottkamp & Flacks, Esqs.
795 Parkway Avenue
Suite A-6, Lexington Mews
Trenton, New Jersey 08618
     Counsel for Defendant St. Francis Medical Center

Colleen Leigh Brandt, Esq.
Sean X. Kelly, Esq.
Marks, O'Neill, O'Brien & Courtney, PC
Cooper River West, Suite 300
6981 North Park Drive
Pennsauken, New Jersey 08109
     Counsel for Defendants Correctional Medical Services, Inc.,
Fran Green, Stephen Hoey, Charmaine Ifill, & Maurice Rosman

**BUMB,** UNITED STATES DISTRICT JUDGE:

1

Before the Court is the plaintiff Myzel Frierson's motion for additional time to serve process on defendant Lisa Renée Kuntz under Federal Rule of Civil Procedure 4(m). [Dkt. Ent. 208.] For the reasons that follow, this motion is denied.

## I. Background

This Court issued an Opinion and Order on August 4, 2011, granting summary judgment to all of the defendants who appeared in this action - St. Francis Medical Center ("St. Francis"), Correctional Medical Services, Inc. ("CMS"), Fran Green, Stephen Hoey, Charmaine Ifill, and Maurice Rosman. [Dkt. Ents. 191, 192.] Plaintiff subsequently appealed the Court's decision. [Dkt. Ent. 193.] The Third Circuit dismissed this appeal on the grounds that certain cross-claims were pending at the time Plaintiff had filed his appeal. [Third Circuit Order, Dec. 22, 2011, Dkt. Ent. 196.] Plaintiff thereafter filed a letter, dated January 11, 2012, requesting "the appropriate documents" in order to properly file an appeal. [Dkt. Ent. 197.] The Court responded by issuing an Order on January 20, 2012, which addressed the issues necessary to render a final judgment in this action. [Dkt. Ent. 198.] In this Order, the Court noted that the pending cross-claims for contribution and indemnification, cited by the Third Circuit, had been rendered moot by its prior Order granting summary judgment in favor of St. Francis. (Jan. 20, 2012 Order at 2 ("[St. Francis] asserted cross-claims for

contribution and indemnification, in the event it was found liable on Plaintiff's claims. . . [B]ecause the Court dismissed all claims against St. Francis, its cross-claims . . . were rendered moot by the Court's Order.").)

Additionally, the Court's January 20th Order noted that one defendant - Lisa Renée Kuntz - had never been served with process and had never entered an appearance in this action.  The Court noted that it appeared Plaintiff had abandoned his claims by failing to serve Kuntz, but sought confirmation from Plaintiff. The Court ordered Plaintiff's pro bono counsel to inform the Court as to whether Plaintiff had conceded such claims, and if he had not done so, to show cause as to why the Court should not dismiss them in light of his failure to timely serve Kuntz under Federal Rule of Civil Procedure 4(m).  The Court cited its August 4th Opinion, which noted that even if Plaintiff had timely served Kuntz, the claims against her suffered from the same defects, which caused the Court to grant summary judgment in favor of the other individual CMS defendants.  (Aug. 4, 2011 Order at 36 n.23, Dkt. Ent. 191.)

Plaintiff's pro bono counsel filed a motion to withdraw as counsel, citing a conflict of interest and a fundamental disagreement as to the manner in which the case should proceed. (Milavsky Cert. ¶ 16, Dkt. Ent. 200-1.)  United States Magistrate Judge Karen M. Williams granted this motion.  [Dkt. Ent. 207.]

Plaintiff, now proceeding <u>pro se</u>, filed the instant motion on April 23, 2012, for an extension of time to serve Kuntz. [Dkt. Ent. 208.]

## II. Discussion

Federal Rule of Civil Procedure 4(m) provides that "if a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant" unless the plaintiff shows "good cause" for the failure.  Even if the plaintiff fails to establish good cause, however, the court may, at its discretion, "order that service be made within a specified time."  Fed. R. Civ. P. 4(m). In determining whether to grant the plaintiff additional time to complete service, the court must therefore engage in a two-part inquiry.  <u>Boley v. Kaymark</u>, 123 F.3d 756, 758 (3d Cir. 1997), <u>cert. den'd</u>, 522 U.S. 1109 (1998).  First, the court must determine whether good cause exists for Plaintiff's failure to effect timely service; if it does, the court must grant the extension.  <u>Id.</u>  If good cause does <u>not</u> exist, the court must then determine whether to grant a discretionary extension of time.  <u>Id.</u>

### A. Mandatory Extension for Good Cause

With respect to the first inquiry, "a court's primary focus is on the plaintiff's reasons for not complying with the time limit in the first place."  <u>MCI Telecomms. Corp. v. Teleconcepts</u>,

4

71 F.3d 1086, 1097 (3d Cir. 1995), <u>cert. den'd</u>, 519 U.S. 815 (1996).  The plaintiff must show good faith and "some reasonable basis for noncompliance within the time specified in the rules." <u>Id.</u> (citing <u>Petrucelli v. Bohringer & Ratzinger</u>, 46 F.3d 1298, 1312 (3d Cir. 1995)).  Plaintiff must have acted with "reasonable diligence before good cause can be found." <u>Himmelreich v. United States</u>, 285 F. App'x 5, 7 (3d Cir. 2008) (citing <u>Bachenski v. Malnati</u>, 11 F.3d 1371, 1376-77 (7th Cir. 1993)).  Courts consider additional factors, including (1) the reasonableness of plaintiff's efforts to serve, (2) the prejudice to the defendant, and (3) whether the plaintiff moved for an enlargement of time to serve.  <u>MCI Telecomms.</u>, 71 F.3d at 1097 (citing <u>United States v. Nuttall</u>, 122 F.R.D. 163, 166-67 (D. Del. 1988)).

Here, Plaintiff filed the original complaint <u>pro se</u> and <u>in forma pauperis</u>.  The Court ordered the Clerk of Court to issue summonses and directed the U.S. Marshal to serve these summonses and copies of the complaint on all defendants.  [Dkt. Ent. 6.] The summonses to the individual defendants - Fran Green, Stephen Hoey, Maurice Rosman, and Kuntz - were each returned unexecuted. The summons for Kuntz was delivered to Riverfront State Prison and returned with the handwritten note:  "This individual is not employed at this facility." [Dkt. Ent. 13.]  Plaintiff subsequently filed numerous motions, including a motion to issue new summonses to two additional defendants added in the Amended

Complaint [Docket Nos. 19-4 ("[T]wo additional requests for
summons are enclosed.") and 31-4 ("Two additional request[s] for
summons are enclosed for Plaintiff."), a motion to amend the
complaint [Docket No. 8], and a motion for the appointment of pro
bono counsel.  The Court conducted oral argument on these motions
on February 28, 2008.  [Dkt. Ents. 64, 114.]  Prior to this
hearing, Plaintiff had moved for the issuance of new summonses to
putative Defendants Hochberg and Ifill, as set forth above, but
not to Kuntz.  The Court granted the motion for pro bono counsel
and set a date by which counsel could file an amended complaint.
The Court also noted that once the amended complaint was filed,
the U.S. Marshals would be directed to serve the summonses on the
two new defendants that Plaintiff had requested to be served -
Charmaine Ifill and John Hochberg.  (Hearing Transcript, Feb. 28,
2008, 23:3-10, 25:25-26:5, Dkt. Ent. 114.)  Plaintiff's pro bono
counsel filed the Amended Complaint on October 15, 2008.  This
Complaint named Kuntz as one of the defendants.  [Dkt. Ent. 88.]
Plaintiff's counsel filed new requests for summonses as to the
individual defendants who had not yet been served (Hoey, Green,
Rosman, and Ifill), with the notable exception of Kuntz.  [Dkt.
Ents. 101-104.]  Plaintiff's pro bono counsel subsequently filed
a Second Amended Complaint (the operative complaint) on July 8,
2009.  [Dkt. Ent. 123.]  This complaint also listed Kuntz as a
defendant, but again no attempt was made to serve her.

6

Plaintiff has only asserted vague explanations for his failure to serve Kuntz - his ignorance of the "Court's procedures" and his alleged misunderstanding of the February 28th hearing. These explanations ignore the fact that nearly four years transpired between the time that the U.S. Marshals returned the unexecuted summons for Kuntz in November 2007 and the Court's grant of summary judgment in August 2011. The Court notes that Plaintiff had pro bono counsel throughout this case who apparently chose not to serve Kuntz, even after amending the complaint twice.[1]

In a case involving an in forma pauperis plaintiff, "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d); see also Fed. R. Civ. P. 4(c)(3). Thus, since the U.S. Marshals are responsible for effectuating service on behalf of an in forma pauperis plaintiff, if they are at fault for failing to serve a defendant, the court will presume good cause under Rule 4(m) and will not penalize the plaintiff for this failure. Novak v. Posten Taxi Inc., 386 F. App'x 276, 277 n.1 (3d Cir. 2010); Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992), superseded on other grounds as stated in Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000); Welch v. Folsom, 925 F.2d 666, 670 (3d Cir. 1991) ("[A] plaintiff proceeding in forma pauperis is

---

[1]As discussed infra, the Court would have dismissed the claim against Kuntz regardless.

entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant."). However, if the plaintiff is responsible for the defective service, i.e., by failing to take reasonable steps to identify the defendants and their addresses, the presumption of good cause disappears. Novak, 386 F. App'x at 277 n.1 (affirming dismissal for failure to effect timely service where plaintiff failed to provide addresses for defendants); Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987) (affirming dismissal for failure to effect timely service where Marshal's Service sent process to defendant at address given by plaintiff, no acknowledgment was received, court noted that defendant was never served, and plaintiff failed to resolve defect). In other words, an in forma pauperis plaintiff "may not remain silent and do nothing to effectuate such service." Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1288 n.3 (11th Cir. 2009) (citing Rochon, 828 F.2d at 1110). He retains an obligation to "remedy any apparent service defects of which he had knowledge." Id.; Young, 960 F.2d at 359. Here, Plaintiff has had notice since November 2007 that Kuntz was not served due to an incorrect address. Plaintiff cannot now blame his failure to serve Kuntz on the U.S. Marshals, when he never sought to remedy this defect. Even after the Court noted in its August 4th Opinion that Kuntz

had never been served, Plaintiff still made no attempt to serve
her.  In fact, Plaintiff only filed the instant motion after the
Court ordered him to show cause as to why it should not dismiss
the claims against Kuntz under Rule 4(m).  Plaintiff has failed
to assert any reasonable basis for his delay.  The record makes
clear that to the extent he actually intended to pursue his
claims against Kuntz, his failure to effect service on her was
due to a lack of diligence.  Accordingly, he has not established
good cause, and the Court must dismiss the claims against Kuntz
unless it finds a discretionary extension of time warranted under
Rule 4(m).

## B. Discretionary Extension

As to this second inquiry, the court should exercise its
discretion under Rule 4(m) after considering several factors,
including (1) actual notice of the legal action, (2) prejudice to
the defendant, (3) the statute of limitations on the underlying
causes of action, (4) the conduct of the defendant, (5) whether
the plaintiff is represented by counsel, and (6) any additional
factor that may be relevant.  Chiang v. U.S. Small Bus. Admin.,
331 F. App'x 113, 116 (3d Cir. 2009) (citations omitted).  The
Court declines to exercise its discretion in Plaintiff's favor at
this late juncture.  First, there is no evidence that Kuntz had
actual notice of this action against her.  Second, Plaintiff has
given the Court no reason to believe the statute of limitations

9

expired during the course of this litigation.  In fact, it appears to have run well before Plaintiff filed his complaint in August 2007, since Kuntz's alleged misconduct occurred in February 2003.  (Aug. 4, 2011 Order at 36 n.23, Dkt. Ent. 191.) Further, Plaintiff was represented by pro bono counsel during the course of this litigation and therefore cannot claim ignorance of the need to effect service on Kuntz.

Finally, the Court notes that permitting untimely service on Kuntz would be futile, since the Court would dismiss the claim against her anyway.  This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The complaint must allege facts that, if true, "plausibly give rise to an entitlement to relief." Id. at 679.  Plaintiff's sole claim against Kuntz is that she violated his constitutional rights under 42 U.S.C. § 1983 by denying his request to be retested for Lupus in February

2003. (Am. Compl. ¶ 17(e, f).)  As discussed at length in this Court's August 4th Opinion, this claim sounds in common law negligence and does not rise to the level of a constitutional tort.  (Aug. 4, 2011 Order at 33-35 & 36 n.23.)[2]  Accordingly, even if the Court permitted service on Kuntz at this late juncture, it would be required to dismiss the claim against her anyway.  Balancing these factors, the Court concludes that a discretionary extension of time to serve Kuntz is not appropriate.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion is denied. All claims against Kuntz are therefore dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).  The cross-claims against St. Francis are denied as moot.  All remaining claims in this matter have therefore been resolved.  An appropriate Order shall issue herewith entering final judgment in this case.

Date: <u>May 14, 2012</u>                              <u>s/Renée Marie Bumb</u>
                                             RENÉE MARIE BUMB
                                             UNITED STATES DISTRICT JUDGE

---

[2]  Indeed, at a sealed hearing before the Honorable Karen M. Williams, in response to Judge Williams' question seeking clarification of Plaintiff's claims against Kuntz, Plaintiff reiterated his negligence claims.  <u>See</u> March 9, 2012, hearing.